IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WAYNE BURTON,                          §
                                       §
                Petitioner,            §
                                       §
v.                                     §        CIVIL ACTION NO. H-06-2241
                                       §
KEITH BARRETT, Director,               §
San Jacinto County Community           §
Supervision Department,                §
                                       §
                Respondent.            §

## MEMORANDUM AND ORDER

Wayne Burton has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, to challenge a felony conviction entered against him in San Jacinto County, Texas, which resulted in a sentence of community supervision (*i.e.,* probation). The respondent has filed a motion to dismiss for failure to exhaust remedies. (Doc. # 8). Burton has filed more than one response to the motion, including multiple requests for a judgment in his favor. (Docs. # 11, # 13, # 14, # 15, # 16, # 19, # 21). After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

## I.      BACKGROUND AND PROCEDURAL HISTORY

A state grand jury returned an indictment in cause number 8638, charging Burton with aggravated assault. In particular, the indictment alleged that Burton committed aggravated assault by "intentionally, knowingly, or recklessly caus[ing] bodily injury to" his estranged

wife, Reyna Burton "by striking her in the face and head with his hand, and [by] then and there us[ing] or exhibit[ing] a deadly weapon, to-wit: a machete, during the commission of said assault." A jury in the 411th District Court of San Jacinto County, Texas, found Burton guilty as charged.[1]  The jury found that a sentence of ten years was appropriate, but recommended suspending any sentence of imprisonment in favor of community supervision or probation.  Consistent with the jury's recommendation, the trial court imposed a ten-year suspended sentence on June 9, 2004, and placed Burton on community supervision, where he remains constrained by the conditions of his release.

On direct appeal, Burton argued that the evidence was legally and factually insufficient to prove that his wife suffered bodily injury or that he exhibited a machete during the course of the offense.  An intermediate state court of appeals rejected both claims after making the following findings based on the evidence presented at trial:

> Reyna testified that Burton and she had married in December 2001, but she left him about two months later because he "attacked" her.  Reyna and Burton encountered each other again some months later at a new church Reyna had begun attending.  According to Reyna, Burton came to her house on a daily basis thereafter because he wanted her to come back to him.

> She testified that on the date in question Burton presented her a bracelet, which she declined to accept because she was still unsure if she wanted to return.  After some discussion, she told him she did not want to return. Reyna testified that he then "grabbed a machete . . . and grabbed me by my hair and put it on my neck and told me he was going to kill me.  He dragged me through the back door . . . ." The State offered a machete in evidence which Reyna identified as the weapon he had threatened her with.

---

[1]     The indictment also charged Burton with aggravated sexual assault, but the jury acquitted him of that charge.

Reyna testified that Burton later threw the machete down after they talked. When she tried to get it (presumably to throw it out of his reach), Burton "grabbed [her] and threw [her] in the bed and hit [her] in the head with his fist." He told her he wanted to have sex, and when she refused, "[h]e started hitting [her] in the head." She testified that he then sexually assaulted her.

According to Reyna, she did not seek medical treatment after the assault because no one was available to take care of her children. She testified on cross-examination that Burton hurt her when he hit her in the head with his fist.

*Burton v. State*, No. 10-04-00235-CR, 2005 WL 2234002 (Tex. App.— Waco Sept. 14, 2005). Burton did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

On February 21, 2006, Burton filed a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure. Burton argued that he was entitled to relief from his conviction and sentence because the State somehow "coerced" the jury's verdict. Burton also lodged numerous, incoherent claims for ineffective assistance of counsel. Burton filed another supplemental application on March 8, 2006, in which he attempted to add multiple challenges to the sufficiency of the evidence, allegations of jury tampering, and prosecutorial misconduct. The trial court, which also presided over Burton's trial, reviewed the applications and recommended denying relief, making a limited finding that Burton's trial counsel "was not ineffective." *See Ex parte Burton*, No. 8638-A (411th Dist. Ct., March 24, 2006). The trial court did not expressly address Burton's other claims. On April 26, 2006, the Texas Court of Criminal Appeals dismissed the applications filed by Burton without a

3

written order after finding that neither one complied with Rule 73.1 of the Texas Rules of Appellate Procedure.[2]  *See Ex parte Burton*, No. 64,575-01 (Tex. Crim. App.).

On May 8, 2006, Burton initiated a second state habeas corpus proceeding.  In this application, Burton stated that he was entitled to relief under Article 11.07 of the Texas Code of Criminal Procedure because the trial judge engaged in misconduct by "yelling and shouting" at the jury and because his defense counsel was ineffective for a variety of reasons. Burton also attempted to allege, among other things, that there was no evidence or insufficient evidence to support the conviction because of "discrepancies" in the testimony about whether Reyna Burton suffered any injury.  In an attachment to the application, Burton included a litany of other rambling, incoherent allegations regarding ineffective assistance of counsel, defects in the indictment, and evidentiary shortcomings.   The trial court recommended denying relief without reaching the merits after finding that the application was an abuse of the writ in violation of Article 11.07, § 4(c) of the Texas Code of Criminal Procedure.[3]  *See Ex parte Burton*, No. 8638-B (411th Dist. Ct., May 10, 2006).  On June 14,

---

[2]    Rule 73.1 requires an applicant for post-conviction habeas corpus relief to follow a particular form and to specify all grounds for relief by setting forth in summary fashion the facts supporting each ground.  *See* TEX. R. APP. P. 73.1(c).

[3]    According to the Texas abuse-of-the writ statute, after a "final disposition of an initial application challenging the same application," a Texas court may decline to consider the merits of a successive habeas corpus application, unless the applicant shows that a factual basis for the asserted claims was unavailable on or before the date of the initial application or through the exercise of reasonable diligence on or before that date.  *See* TEX. CODE CRIM. PROC. art. 11.07, § 4(c).

4

2006, the Texas Court of Criminal Appeals agreed and denied relief without a written order. *See Ex parte Burton*, No. 64,575-02 (Tex. Crim. App.).

In a petition dated July 5, 2006, Burton now seeks a federal writ of habeas corpus to challenge his conviction under 28 U.S.C. § 2254. Burton contends that he is entitled to relief for the following reasons: (1) his conviction was "coerced" by misconduct on the trial court's part; (2) he was denied effective assistance of counsel because his attorney failed to call an unidentified "critical witness" or to investigate by reviewing the District Attorney's file; (3) the indictment was "invalid" and the evidence was factually insufficient; and (4) the prosecution failed to disclose favorable evidence to the defense in the form of an application for naturalization filed by the victim, Reyna Burton. The respondent has filed a motion to dismiss for failure to exhaust state court remedies by properly presenting his claims for consideration in state court. Burton disagrees and insists that he is entitled to a federal writ of habeas corpus. The parties' contentions are discussed below under the governing federal habeas corpus standard of review for exhaustion of remedies.

## II.   <u>EXHAUSTION OF REMEDIES</u>

Under the governing federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional,

but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)).  Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C. § 2254(b)(1)(B).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts."  *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)).  A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(b)(1)(C).  In Texas, a criminal defendant may typically challenge a felony conviction by taking the following paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals, and (2) he may also file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.  *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (discussing the paths of exhaustion in Texas).

6

It is undisputed that, following his direct appeal, Burton did not file a petition for discretionary review with the Texas Court of Criminal Appeals.  Likewise, in Burton's case, an application for a state writ of habeas corpus under Article 11.07 was not available as a matter of law because that statute authorizes review only for a final conviction.  *See* TEX. CODE CRIM. PROC. art. 11.07, § 3(a) (providing that the writ is available only "[a]fter final conviction in any felony case . . . ."); *see also Mills v. Collins*, 924 F.2d 89, 91 n.1 (5th Cir. 1991) (observing that state habeas corpus review under Article 11.07 is available only from final felony convictions).  Under Texas law, a sentence of community supervision of the sort being served by Burton is not a final conviction for purposes of Article 11.07.  *See Caldwell v. Dretke*, 429 F.3d 521, 529 (5th Cir. 2005).

For Texas defendants such as Burton, who have been convicted and sentenced to community supervision, collateral review by habeas corpus is governed not by Article 11.07, but by Article 11.072 of the Texas Code of Criminal Procedure.  Enacted in 2003, Article 11.072 "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. Ann. art. 11.072, § 1; *see also* GEORGE E. DIX & ROBERT O. DAWSON, 42 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE §§ 45.47 – 45.49 (Supp. 2006) (discussing the new statutory procedure for seeking state habeas corpus relief from a Texas conviction and sentence of community supervision).  Applications governed by Article 11.072 are filed with the clerk of the trial court that imposed the sentence of community supervision. *See* TEX. CODE CRIM. PROC. art.

7

11.072, § 2(a).  An application filed under Article 11.072 may challenge the legal validity of: (1) the conviction for which or order in which community supervision was imposed; or (2) the conditions of community supervision.  *See id*. at § 2(b).  If the application is denied in whole or part, the applicant's last resort is to appeal under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure.  *See id*. at § 8.

From this record, it appears that Burton mistakenly filed two state habeas corpus proceedings under Article 11.07 of the Texas Code of Criminal Procedure.  *See Ex parte Burton*, Nos. 8638-A & 8638B.  Ultimately, both were dismissed by the Texas Court of Criminal Appeals for procedural reasons.[4]  *See Ex parte Burton*, Nos. 64,575-01 & 64,575-02.  Both of these applications were subject to dismissal for lack of jurisdiction because review under Article 11.07 was not available as a matter of law to a defendant such as Burton in light of his sentence of community supervision.  As a result of Burton's procedural deficiencies, there has been no ruling on the merits of his claims by the state's highest court of criminal jurisdiction.

The exhaustion requirement is satisfied only when the specific constitutional grounds urged in a federal habeas petition were presented to the state's highest court in a procedurally proper manner.  *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).  It is undisputed that

---

[4]     It appears that the trial court has already rejected the claims for ineffective assistance of counsel raised by Burton in his first state habeas proceeding.  As noted above, however, the first application filed by Burton (No. 8638-A) was ultimately dismissed by the Texas Court of Criminal Appeals for failure to comply with the applicable rules of appellate procedure; the second application (No. 8638-B) was denied by the trial court as an abuse of the writ.  The Texas Court of Criminal Appeals appears to have adopted the trial court's finding.

Burton did not file an application under Article 11.072 of the Texas Code of Criminal Procedure.  Because Burton failed to use procedurally proper means to present his claims in state court, the grounds presented in his petition remain unexhausted.  *See, e.g., Garcia v. Goethals*, No. 3:03-1178, 2004 WL 212553 (N.D. Tex. Jan. 5, 2004) (dismissing an unexhausted petition under similar circumstances where a petitioner under a sentence of community supervision failed to apply for relief in state court under Article 11.072); *Billingsley v. Mills*, No. 3:05-1545, 2006 WL 1451493 (N.D. Tex. May 24, 2006) (same).

An application under Article 11.072 remains available to Burton.  *See Ex parte Glass*, 203 S.W.3d 856, 857 (Tex. Crim. App. 2006) (Johnson, J. concurring) (noting that, where the trial court misconstrues an initial application as one filed under Article 11.07, an applicant's remedy is to submit another application under Article 11.072).  In the event that the trial court denies a properly filed habeas corpus application under Article 11.072, Burton will then have the right to appeal to an intermediate court of appeals and, if appropriate, to petition the Texas Court of Criminal Appeals for discretionary review.  Because this state process remains available, Burton's petition is not exhausted and he does not satisfy any statutory exception to the exhaustion doctrine.  Comity requires this Court to defer until the appropriate Texas court has addressed the merits of the petitioner's claims.  The respondent's motion to dismiss for lack of exhaustion is granted.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of

appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct.  Accordingly, a certificate of appealability will not issue in this case.

## IV.  CONCLUSION AND ORDER

For all of the foregoing reasons, the Court **ORDERS** as follows:

1.   The respondent's motion to dismiss for failure to exhaust (Doc. # 8) is **GRANTED**.

2.   The petitioner's motions for a judgment in his favor (Docs. # 13, # 15, # 16, # 19) are **DENIED**.

3.     The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the

petitioner to exhaust all available remedies on all his claims to the state's

highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

4.     A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on  January 24th, 2007.


Nancy F. Atlas
United States District Judge