IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WAYNE BURTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2241 |
| | § | |
| KEITH BARRETT, Director, | § | |
| San Jacinto County Community | § | |
| Supervision Department, | § | |
| | § | |
| Respondent. | § | |

## ORDER

On January 24, 2007, this Court dismissed the federal habeas corpus petition filed by the petitioner, Wayne Burton, for failure to exhaust available state court remedies as required by 28 U.S.C. § 2254(b). Burton has filed a motion to reinstate his case. The Court construes the motion as one governed by Rule 60(b) of the Federal Rules of Civil Procedure, which asks for relief from a final judgment. (Doc. # 25). The petitioner's motion is **denied** for reasons that follow.

Under Rule 60(b), a district court "may relieve a party from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b). "The burden of establishing at least one of these 'exacting substantive requirements' is on the movant," and a determination of whether that showing has been made is within the district court's discretion. *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1314 (S. D. Tex. 1994) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-75 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993)).

The procedural history in this case is set forth in the Court's Memorandum and Order dated January 24, 2007, and will not be repeated at length here. It is sufficient to note that a jury in the 411th District Court of San Jacinto County, Texas, convicted Burton of aggravated assault in cause number 8638. Pursuant to the jury's verdict, the trial court imposed a ten-year suspended sentence on June 9, 2004, and placed Burton on community supervision. An intermediate appellate court affirmed Burton's conviction and sentence on September 14, 2005. *See Burton v. State*, No. 10-04-00235-CR, 2005 WL 2234002 (Tex. App.—Waco Sept. 14, 2005). Burton did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals. Likewise, as noted in the dismissal order, Burton has not filed a state habeas corpus application to challenge his sentence of community supervision under the appropriate provision, Article 11.072 of the Texas Code of Criminal Procedure. Based on this record, which Burton does not dispute, the Court found that Burton failed to exhaust available state court remedies as required by 28 U.S.C. § 2254(b) by properly presenting his claims for review by the Texas Court of Criminal Appeals in a procedurally proper manner.

Burton now asks the Court to set aside its final judgment, arguing that he has exhausted his state court remedies. Burton presents proof that he filed a petition for discretionary review with the Texas Court of Criminal Appeals on March 8, 2007. That petition was dismissed shortly thereafter on March 14, 2007, as "untimely filed." Burton's failure to timely present his petition for discretionary review in compliance with Texas law is not sufficient to exhaust his state court remedies and also constitutes a procedural default. *See Ruiz v. Quarterman*, 460 F.3d 638, 643 (5th Cir. 2006) (explaining that, where a state court rejects a petitioner's claims for procedural reasons, the petitioner has procedurally defaulted those claims and they are barred from federal habeas corpus review). Accordingly, Burton fails to demonstrate that he is entitled to relief under Rule 60(b).

Based on the foregoing, it is **ORDERED** that the petitioner's motion for relief from the final judgment (Doc. # 25) is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on April 11, 2007.

_____
Nancy F. Atlas
United States District Judge